## In the Matter of Dewayne H. GOFOURTH.

### No. 13S00–0407–DI–306.

Supreme Court of Indiana.

Dec. 21, 2005.

## ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

Facts: On November 14, 2003, an individual died without leaving a will. As a result, his estate, valued at between $50,000 and $100,000, would go to decedent's mother, father and brother in equal shares. Respondent was an acquaintance of the father and in late December·2003 or early January 2004, respondent prepared a will that purported to give the bulk of the estate to the father. The father forged the decedent's signature in respondent's presence and respondent signed the will as a witness. Some time after the fraudulent will was drafted, the father forgave a debt of over $1,000 owed by respondent to father.

Another attorney, who did not know about the fabrication of the will, presented the will for probate in January 2004. Decedent's mother, father's ex-wife, contested the will in February 2004. She confronted respondent about the signature on the will, but respondent insisted the will was genuine. Finally, on April 1, 2004, respondent confessed his misconduct to the Judge of the Circuit Court. Subsequently, respondent was charged with forgery and perjury. On July 25, 2005, defendant pled guilty to perjury, a Class D Felony.

Violations: Respondent violated Ind. Professional Conduct Rule 1.2(d), which prohibits a lawyer from assisting a client in the commission of a fraudulent act; Prof.Cond.R. 8.4(b), which prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; and Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

For the misconduct found herein, this Court now finds that the respondent is suspended from the practice of law for a period of not less than three (3) years, effective February 1, 2006, and at the conclusion of which the respondent may only be reinstated by demonstrating to the Court's satisfaction that he meets all of the requirements for reinstatement in Ind. Admission and Discipline Rule 23 §§ 4 and 18, including, but not limited to a showing that respondent has a proper understanding of and attitude towards the standards that are imposed upon members of the bar

and will conduct himself in conformity with such standards and, that respondent can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence. Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J. and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents believing that respondent's misconduct warrants his disbarment.